B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Carol Morin | **DEFENDANTS**<br>Midland Credit Management, Inc., and<br>Doe Defendants 1-20 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>CROSSLEY LAW OFFICE, 25 North Main Street, Suite #1,<br>Natick, MA 01760, (508) 655-6085 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>✓ Debtor　　☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor　☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor　　☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor　✓ Other Debt Collector(s)<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action seeking damages for Defendants' violations of the FDCPA, 15 USC sec.1692 et seq., M.G.L. c.93 sec.24 et seq., and sec. 49 et seq., c.93A et seq. Jurisdiction of this Court is pursuant to 28 USC sec.157 and sec.1334. This adversary proceeding is a core proceeding. Jurisdiction arises under 15 USC sec.1692, 28 USC sec.1337 and sec.1367. Debtor(s) bring this action and claims standing under 11 USC sec.522 as he/she is expanding his/her exemptions and exempt assets.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ✓ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ✓ Check if a jury trial is demanded in complaint | Demand $ 5,000.00 |

Other Relief Sought
Actual damages, statutory damages pursuant to 15 USC sec.1692, costs and reasonable attorneys fees pursuant to 15 USC sec.1692 and MGL c. 93 sec.49 and c.93A sec.9, and multiple damages for violations of MGL c.93 and c.93A.

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CAROL MORIN | BANKRUPTCY CASE NO.<br>12-31314 | |
| DISTRICT IN WHICH CASE IS PENDING<br>MASSACHUSETTS | DIVISION OFFICE<br>SPRINGFIELD | NAME OF JUDGE<br>HENRY J. BOROFF |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>10/1/2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>DAVID C. CROSSLEY (FOR) CROSSLEY LAW OFFICE | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re:  Carol Morin, | / | Case No: 12-31314 |
| | / | |
| | / | Chapter 7 |
| *Debtor.* | / | |
| | / | Judge: Henry J. Boroff |
| CAROL MORIN, | / | |
| | / | |
| *Plaintiff.* | / | |
| | / | |
| v. | / | |
| | / | |
| MIDLAND CREDIT MANAGEMENT, INC. and DOE DEFENDANTS 1-20, | / | Adversary Proc. No: |
| | / | |
| *Defendant(s).* | / | |
| | / | |
| and STEVEN WEISS, ESQ., Chapter 7 Trustee, | / | |
| | / | |
| *Interested Party.* | / | (Unlawful Debt Collection Practices) |

## COMPLAINT

Plaintiff, CAROL MORIN, hereby alleges and avers the following claims against Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), and DOE DEFENDANTS 1-20.

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer seeking damages for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), the Massachusetts Statute Regulating Debt Collection Practices M.G.L. c. 93 §24 *et seq.* and §49 *et seq.*, (hereinafter "MDCA") and the Massachusetts Consumer Protection Act M.G.L. c. 93A *et seq.*, (hereinafter, "MCPA") (hereinafter the "MDCA" and the "MCPA" may singularly and jointly be referred to as "States Act(s)"). The FDCPA and the MDCA prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II. JURISDICTION

2. Debtor filed this Chapter 7 case on August 29, 2012. This court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §157 and 1334. This adversary proceeding is a core proceeding. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Debtor brings this action and claims standing under 11 U.S.C. §522 as she is expanding her exemptions and exempt assets.

## III. PARTIES

3. Plaintiff, CAROL MORIN is a natural person residing at 100 Summit Ave., Chicopee, MA 01020.

4. Defendant, MIDLAND CREDIT MANAGEMENT is a corporation engaged in the business of collecting debts in this state with a place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another and to itself.

5. Prior to filing this Complaint, Plaintiff and/or his counsel made a diligent search in order to ascertain the existence, full names, and identities of all persons or entities that may be legally responsible for the Plaintiff's injuries and damages, but have no knowledge or information regarding the Defendants in this action designated as Doe Defendants 1 - 20. Said Defendants are persons, corporations, partnerships, governmental bodies, political subdivisions and/or their agents, and/or other entities of whatever kind, and are sued herein under these fictitious names as their true names and identities are unknown to the Plaintiff, except that they may be connected in some manner with the named Defendant or may be connected to agents, servants, employees, employers, representatives, joint venturers, associates and/or independent contractors of the named Defendant or are independent of the named Defendant and were engaged in activities or negligent conduct alleged herein or in some other manner unknown to Plaintiff and said negligent conduct resulted in injuries to the Plaintiff.

6. STEVEN WEISS, ESQUIRE is the duly appointed Trustee in this case.

## IV. FACTUAL ALLEGATIONS

7. On or about June 8, 2012, Defendant, MCM, sent Plaintiff, CAROL MORIN, a debt collection demand letter by the United States Mail, setting forth that her account with T-Mobile and/or Midland Funding, LLC, was assigned to Defendant for collection and that the Plaintiff was in default of this obligation. The demand letter is a mass-

2

produced debt collection letter. A copy of this correspondence is attached hereto as Exhibit "A" and by reference thereto incorporated herein.

8. Upon information and belief, during the relevant time period, MCM has mailed thousands of computer generated, mass-produced debt collection letters substantially similar to that attached hereto as Exhibit "A".

9. Certain language in the letter constitutes an intentional and purposeful false, deceptive or misleading representation by the Defendant in furtherance of the collection of the Plaintiff's debt.

10. The Defendant's intentional and purposeful use of certain false, deceptive or misleading representations in the letter constitutes an unfair or unconscionable act in the attempt to collect Plaintiff's debt.

11. The letter's dunning language overshadows and contradicts Plaintiff's validation rights.

12. The letter fails to include language required by Massachusetts state law for the protection of consumers.

13. On or about August 3, 2012, Defendant, MCM, sent Plaintiff, CAROL MORIN, a debt collection demand letter by the United States Mail, setting forth that her account with T-Mobile, was assigned to Defendant for collection and that the Plaintiff was in default of this obligation. The demand letter is a mass-produced debt collection letter. A copy of this correspondence is attached hereto as Exhibit "B" and by reference thereto incorporated herein.

14. Upon information and belief, during the relevant time period, MCM has mailed thousands of computer generated, mass-produced debt collection letters substantially similar to that attached hereto as Exhibit "B".

15. Certain language in the letter constitutes an intentional and purposeful false, deceptive or misleading representation by the Defendant in furtherance of the collection of the Plaintiff's debt.

16. The Defendant's intentional and purposeful use of certain false, deceptive or misleading representations in the letter constitutes an unfair or unconscionable act in the attempt to collect Plaintiff's debt.

17. The letter's dunning language overshadows and contradicts Plaintiff's validation rights.

18. The letter fails to include language required by Massachusetts state law for the protection of consumers.

19. As a result of the acts alleged above, Plaintiff suffered statutory and actual damages.

## V. FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE FDCPA

20. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 19 above.

21. Defendant, MCM, violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   A. Defendant violated 15 U.S.C. §1692e by the use of false, deceptive or misleading representations and debt collection practices in furtherance of the collection of the Plaintiff's obligation; and

   B. Defendant violated 15 U.S.C. §1692f by the use of unfair or unconscionable means and debt collection practices in furtherance of the collection of the Plaintiff's obligation;

22. Additionally, Defendant, MCM, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e and f, by sending the mass-produced computer generated debt collection demand letters to potentially thousands of alleged debtors in the Commonwealth of Massachusetts (hereinafter "Letter Recipients"). These letters violate §1692e and f of the FDCPA because they misleading state and/or specifically imply that, if the Letter Recipients make certain payment(s), then the Defendant will cause the portion of the Letter Recipients' credit reports, which relates to the Letter Recipients' obligation to T-Mobile, to be updated to reflect that the Letter Recipients' debt with T-Mobile has been Paid-In-Full. However, upon information and belief the Defendant has neither the ability, the authority, nor the intention to update the Letter Recipients' credit reports to indicate that the Letter Recipients' account(s) with T-Mobile have been Paid-In-Full.

23. As a result of the above described frequent, intentional, and persistent violations of the FDCPA, the Defendant, MCM, is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and costs and attorney's fees. Additionally, Plaintiff requests that this Court require that Defendant, MCM, cease and desist from using the collection tactics as more fully set forth in this Complaint.

## VII. SECOND CLAIM FOR RELIEF – VIOLATION OF MDCA

24. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 23 above.

25. The conduct of the Defendant, MCM, constituted violations of M.G.L. c. 93 §24 and §49, and the Code of Massachusetts Regulations (hereinafter, "CMR or State Regulations") Title 209 Chapter 18.01 et seq., and Title 940 Chapter 7 et seq., including but not limited to, the following:

   A. Defendant used false, misleading, deceptive, unfair and unconscionable means to attempt collection of the obligation from Plaintiff.

26. As a result of the acts alleged above, Plaintiff suffered actual and statutory damages.

27. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the above violations of the State Acts and State Regulations, the Defendant is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, multiple damages, and attorney's fees and costs.

## VIII. THIRD CLAIM FOR RELIEF – VIOLATION OF MCPA

29. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 28 above.

30. At all times relevant hereto, Defendant, MCM, has been engaged in the conduct of trade or commerce.

31. Defendant, MCM's, actions as described herein constitute unfair and deceptive practices as defined in M.G.L. c. 93A. Such unfair and deceptive practices include, but are not limited to, the following:

   A. Defendant, MCM, acted unfairly and deceptively by sending mass-produced computer generated debt collection demand letters to potentially thousands of alleged debtors in the Commonwealth of Massachusetts (hereinafter "Letter Recipients"). These letters misleading state and/or specifically imply that, if the Letter Recipients make certain payment(s), then the Defendant will cause the portion of the Letter Recipients' credit reports, which relates to the Letter

5

Recipients' obligation to T-Mobile, to be updated to reflect that the Letter Recipients' debt with T-Mobile has been Paid-In-Full. However, upon information and belief the Defendant has neither the ability, the authority, nor the intention to update the Letter Recipients' credit reports to indicate that the Letter Recipients' account(s) with T-Mobile have been Paid-In-Full.

32. Additionally, pursuant to the MDCA and the Debt Collection Regulations, Defendant, MCM's, violations of M.G.L. c. 93 §49 and CMR Title 209 Chapter 18.00, constitute unfair and deceptive acts and practices.

33. Defendant, MCM's, actions as described herein were willful and knowing.

34. As a result of the above violations of the State Acts and State Regulations, and according to M.G.L. c. 93A, the Defendant, MCM, is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, multiple damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, MCM and DOES 1-20, in the amount of:

A. Actual damages;

B. Statutory damages pursuant to 15. U.S. C. §1692k;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, M.G.L. c. 93 §49 and M.G.L. c. 93A §9;

D. Multiple damages for violations of the State Acts and accompanying State Regulations (including, but not limited to M.G.L. c. 93 §24 and §49 and M.G.L. c. 93A §9); and

E. For such other and further relief as may be just and proper.

DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 1, 2012

Respectfully submitted,

_____
DAVID C. CROSSLEY, ESQ.
(BBO#648197)
for CROSSLEY LAW OFFICE
25 North Main Street, Suite # 1
Natick, MA 01760
Tel. (508) 655-6085

Attorneys for the Plaintiff(s)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: Carol Morin, | / | Case No: 12-31314 |
| | / | |
| | / | Chapter 7 |
| *Debtor.* | / | |
| | / | Judge: Henry J. Boroff |
| CAROL MORIN, | / | |
| | / | |
| *Plaintiff.* | / | |
| | / | |
| v. | / | |
| | / | |
| MIDLAND CREDIT | / | |
| MANAGEMENT, INC. and | / | |
| DOE DEFENDANTS 1-20, | / | Adversary Proc. No: |
| | / | |
| *Defendant(s).* | / | |
| | / | |
| and | / | |
| STEVEN WEISS, ESQ., | / | |
| Chapter 7 Trustee, | / | |
| | / | |
| *Interested Party.* | / | (Unlawful Debt Collection Practices) |

CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2012, by United States Mail, first class, postage pre-paid, and/or by electronic submission to the Bankruptcy Court, I served a copy of the foregoing **Debtor's Adversary Proceeding** on:

A. the Defendant, MIDLAND CREDIT MANAGEMENT, INC.;
B. the Trustee, STEVEN WEISS, ESQ.; and
C. the Office of the U.S. Trustee.

_____
DAVID C. CROSSLEY, ESQ.
(BBO#648197)
for CROSSLEY LAW OFFICE
25 North Main Street, Suite # 1
Natick, MA 01760
Tel. (508) 655-6085

Attorneys for the Plaintiff

9

# EXHIBIT A

**mcm**
PO Box 603
Oaks, PA 19456

## Settlement Opportunity

| | |
|---|---|
| Contact Information: | Tel (800) 265-8825 |
| Hours of Operation: | Sat-Th 5am - 2pm Pacific Time |
| Current Owner: | Midland Funding LLC |
| Original Creditor: | T-MOBILE |
| Original Account No.: | 751919761 |
| MCM Account No.: | 8551247793 |
| Current Balance: | $1,047.29 |
| Payment Due Date: | 07-23-2012 |

06-08-2012

2345-97
#BWNHLTH
#0000 0855 1247 7937#
CAROL MORIN
20 SACHEM ST
CHICOPEE, MA 01013-2522

Dear CAROL MORIN,

Welcome! We have a great offer for our new customers.

Midland Funding LLC recently purchased your T-MOBILE account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation. As the new servicer of this account, we would like to find a positive resolution to your account.

Midland Credit Management, Inc. (MCM) is currently able to offer you a discount of **40% off** your Current Balance **if we receive payment by 07-23-2012.**

> What's In It For You? Once MCM receives your payment of $628.37, we will:
> - Notify the credit bureaus that the debt is "Paid in Full". *
> - Immediately stop all recovery activity on this account.

To accept this offer, simply detach the Acceptance Certificate below and enclose it with your $628.37 payment in the envelope provided. **Please mail your payment no later than 07-16-2012** in order to receive credit for the 40% off discount by the expiration date 07-23-2012.

These settlement opportunities do not alter or amend your validation rights as described on the back of this letter.

If you prefer to speak with one of our Account Managers, please contact us at (800) 265-8825.

We are not obligated to renew this offer.

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Midland Credit Management, Inc.
(800) 265-8825

*Please tear off and return lower portion with payment in envelope provided*

### Acceptance Certificate

| | |
|---|---|
| MCM Account Number: | 8551247793 |
| Current Balance: | $1,047.29 |
| **Amount Due:** | **$628.37** |
| Make Check Payable to: | Midland Credit Management, Inc. |
| **Payment Due Date:** | 07-23-2012 |

For ease and convenience, make payments online and view additional offers at:
www.midlandcreditonline.com

**mcm**
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

12 8551247793 7 0062837 072312 7

97                                                                                                      LT1A

# EXHIBIT B



Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

*We can help you
reduce your past due
balance with
T-Mobile
and get your finances
back on track.*

08-03-2012



Carol Morin
20 Sachem St
Chicopee, MA  01013-2522

ıı·|lıııı·ıl|ıııı,ı|ı|ı·ı|ııılll"ıılı|ıı|lı····ıı"llıılıl·ı

Dear Carol,

Your credit report can help you reach your goals — or it can hold you back. Your past due balance of $1,047.29 with T-Mobile is being reported to the credit reporting bureaus and remains a negative item on your credit report.

Reduce the amount you owe and resolve your bill with these 2 options:

**1**   **Make your payment by 09-02-2012 and receive 40% off**
Your payment will be reduced to $628.37 if you pay it in full by 09-02-2012. That's 40% off your current balance due.

**2**   **Make 6 monthly payments and receive 20% off**
Your payment will be reduced to $837.83 if you make 6 monthly payments of $139.63 by 09-02-2012. That's 20% off your current balance due.

If you are unable to make the payments required with the two options above, we may be able to set up payments as low as $50 each month to help you resolve this past due bill.

We can help you get back on track. When you call, our skilled Account Managers will help you find a solution that fits your budget and your timeline.

Don't miss this opportunity to reduce the amount you owe and resolve this past due bill. We look forward to assisting you.

Sincerely,

*H Torres*

H. Torres
Division Manager

P.S. We've included a free educational brochure for you, *Why paying your bills is so important to a good credit report.*

Hours of Operation:
M – Th 6am – 7pm
Fri 6am – 5pm
Sat 6am – noon PST

**Take your first steps
towards repayment today!**

- Once you make a payment, interest will stop being applied to your account

- You will save up to $418.92 if you choose Option 1

- Offer expiration date: 09-02-2012

- Your credit report will be updated with each payment made, and once you've completed your agreed-upon payments to settle the account, your credit report will be updated as 'Paid in Full'!

Current Balance: $1,047.29
Payment Due Date: 09-02-2012

Original Creditor:
T-Mobile
Original Account No.:
751919761

Current Owner:
Midland Funding LLC
MCM Account No.:
8551247793

---

 **Call:**
⌐ɔɔ) ɔ82-2644

 **Click:**
www.midlandcreditonline.com

 **Mail:**
Payment coupon below

⌐R IMPORTANT INFOR⌐⌐